**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANDRE WINGO,**
**Petitioner,**

**v.** **Case No. 05C0357**

**DAVID SCHWARZ and MARK KLUCK,**
**Respondents.**

---

**ORDER**

On October 3, 2006, habeas petitioner Andre Wingo filed a notice of appeal of my dismissal of his case. I construe this notice as implying a request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Petitioner claims that he was denied a speedy revocation hearing and that there was insufficient evidence to support his revocation. As to his speedy hearing claim, I found that the Wisconsin Court of Appeals correctly evaluated petitioner's claims in light of the factors described in Barker v. Wingo, 407 U.S. 514, 530 (1972) – the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The Court of Appeals found that the delay in concluding petitioner's probation revocation hearing did not violate his due process rights because (1) the unavailability of a witness was a valid reason for delay, (2) petitioner consented to the delay and did not assert his rights until the very end of his hearing, and (3) petitioner did not show any prejudice from the delay. As to the insufficient evidence claim, petitioner argues that the evidence was insufficient because the victim testified that petitioner did not hit her, live with her or have contact with her children and that the police testimony was unreliable hearsay. However, I found that the Wisconsin Court of Appeals reasonably interpreted federal law in finding that a probation violation can be proven with reliable hearsay and that it reasonably determined that the police testimony was reliable and the victim's testimony was unreliable in light of the evidence presented.

I do not believe jurists of reason would differ as to any of the issues he presented in this case and I do not believe these issues should proceed further. Accordingly, for the same reasons as set forth in my September 7, 2006 Order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right.

**THEREFORE, IT IS ORDERED** that petitioner's implied request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14 day of October, 2006.

/s ______________________________
LYNN ADELMAN
District Judge